# THE CLEVELAND & WESTERN COAL CO. *v.* O'BRIEN, TREASURER.

*Taxation — Moneys — Credits — Bank deposits — Intangible property — Situs of credits — Powers of legislature — Moneys of Ohio corporation deposited in another state.*

1. Ordinarily money deposited in a bank to the credit of a corporation or individual and subject to check by the depositor creates the relation of debtor and creditor between the bank and the depositor, and moneys deposited in a bank subject to check are credits or intangible property.
2. It is proper for the legislature to provide what things shall be money and what shall not be money for the purpose of taxation.
3. Section 5326, General Code, does not provide that deposits in a bank subject to be withdrawn in money on demand by a depositor are tangible property.
4. All credits have their situs at the residence of the owner, and not at the place where the credit is carried on the books held by the person entitled to hold the credits.
5. Moneys of an Ohio corporation deposited in a bank in another state, and subject to be withdrawn upon demand, are to be considered for the purposes of taxation as money, but nevertheless are intangible property and have their situs for the purposes of taxation at the place of the principal office of the company in Ohio.
6. Section 5406-3, General Code, has no application to property located outside the state of Ohio, and does not affect moneys and credits, held outside the state, but belonging to individuals or corporations in the state.

(Decided July 2, 1917.)

APPEAL: Court of Appeals for Cuyahoga county.

ERROR: Court of Appeals for Cuyahoga county

*Mr. C. F. Taplin,* for the coal company.

*Mr. Samuel Doerfler,* prosecuting attorney, and

*Mr. T. S. Dunlap,* assistant prosecuting attorney, for O'Brien, county treasurer.

GORMAN, J.  Judgment was rendered in favor of the treasurer of Cuyahoga county in the court below.  A demurrer to the petition was sustained in the court of common pleas, and the matter comes up both on error and appeal to this court.

The plaintiff, a corporation under the laws of Ohio, filed its petition in the common pleas court of Cuyahoga county, setting out that it is a corporation organized under the laws of Ohio and having its principal place of business in the city of Cleveland in said county, and that the defendant was the duly elected, qualified and acting treasurer of the county of Cuyahoga and state of Ohio. Plaintiff says that in its business of buying and selling coal it has acquired and operated a dock in the city of Milwaukee, county of Milwaukee and state of Wisconsin; that said dock is operated as a distinct department of the plaintiff's business and that all dealings connected therewith are kept separate and distinct from the other business of the plaintiff; that all coal put upon said dock by the plaintiff is charged up to said dock as though it were a separate entity from the plaintiff and that its operating costs and all expenses in connection with its operation are kept separately, regular books being kept to cover all purchases and sales in connection therewith, said books being kept in the Milwaukee office; that all remittances to the plaintiff arising from the sale of dock coal are made to the Milwaukee office, endorsed by the manager of said office, and deposited to the credit of the plain-

tiff in the account carried in the First National Bank of the city of Milwaukee; and that said dock business has its own profit and loss account and in every way is operated as a distinct and separate business transacted by the plaintiff in the city of Milwaukee, Wisconsin. The plaintiff further says that it duly made and filed its tax return with the proper authorities of Cuyahoga county, Ohio, covering the property owned and held by it, on the day preceding the second Monday in April, 1916, which according to the statute it should list in Cuyahoga county; that the statement accompanying the tax return so filed by plaintiff showed that the plaintiff had on deposit in the First National Bank of Milwaukee, Wisconsin, on said tax-listing day the sum of $43,850.98; and that the auditor of Cuyahoga county, without the consent and over the protest of plaintiff has placed said sum of money on the duplicate as being taxable property of the plaintiff in Cuyahoga county, and the defendant herein, as treasurer of Cuyahoga county, has entered upon his books as due from plaintiff by way of tax on said sum of money the sum of $681.86, which sum he threatens to and will collect of this plaintiff unless he is enjoined from doing so. Plaintiff further says that under and by virtue of Sections 5404 and 5406-3, General Code of Ohio, the county auditor is without right or authority to list as the property of this plaintiff as taxable in Cuyahoga county said sum of $43,850.98 on deposit in Milwaukee on tax-listing day, and the county treasurer is without right or authority to assess or collect any tax thereon. The petition further avers that said officers maintain that said bank deposit

is taxable under Section 5328, General Code of Ohio, but plaintiff avers that said section of the code is not applicable to the Milwaukee deposit, and plaintiff says further, that, if said section should be held applicable, it is unconstitutional and void, being contrary to the provisions of the Ohio and Federal Constitutions and amendments thereto. Plaintiff further says that it has tendered to the defendant the sum of $723.39, being the amount of tax lawfully and admittedly due from this plaintiff on the property returned by it, and upon which it is lawfully liable to be taxed, but that the defendant herein has refused to accept said sum, claiming that the plaintiff should pay said additional sum of $681.86, the tax assessed upon the Milwaukee bank deposit, which amount of tax plaintiff claims is assessed without right or legal authority. Plaintiff further says that it is now able, ready and willing and now offers to pay said amount of $723.39, or any other sum that may be claimed as the tax lawfully due on the property returned for taxation of the value of $46,520. It prays for a temporary restraining order enjoining the defendant as treasurer of the county of Cuyahoga, state of Ohio, from enforcing the collection from it of said tax on said Milwaukee bank deposit, and from adding any penalty thereto; and that upon a final hearing said order may be made permanent, and for such other and further relief as plaintiff is in equity entitled to.

As before stated, the demurrer to this petition was sustained by the common pleas court, and the plaintiff not desiring to plead further the plaintiff's petition was dismissed, and it was "considered that

the defendant go hence without day and recover of the plaintiff his costs," to all of which the plaintiff excepted, and appealed the case to this court.

It is immaterial whether the question raised be decided upon appeal or error proceedings, inasmuch as there are no facts stated in the record to be considered by the court except those pleaded in the petition.

The question to be determined is whether or not the money of the plaintiff company deposited at Milwaukee is subject to taxation in Cuyahoga county, Ohio. We are of the opinion that it is subject to taxation and that the court of common pleas did not err in sustaining the demurrer to the petition.

Ordinarily money deposited in a bank to the credit of a corporation or individual and subject to check by the depositor creates the relation of debtor and creditor between the bank and the depositor, and moneys deposited in a bank subject to check are credits of intangible property. By the provisions of Section 5326, General Code, the term "money" or "moneys," for the purposes of taxation, "includes any surplus or undivided profits held by societies for savings or banks having no capital stock, gold and silver coin, bank notes of solvent banks, in actual possession, and every deposit which the person owning, holding in trust, or having the beneficial interest therein, is entitled to withdraw in money on demand."

Now it is perfectly proper and legitimate for the legislature to provide by legislation what things shall be money and what shall not be money for the purpose of taxation, but it will be noted that

this Section 5326 does not provide that deposits in a bank subject to be withdrawn in money on demand by a depositor are tangible property. It needs no citation of authorities to support the proposition that all intangible properties — credits — have their situs at the residence of the owner, and not at the place where the credit is carried on the books held by the person entitled to hold the credits.

Notwithstanding the fact that for the purposes of taxation these funds of the plaintiff at Milwaukee are to be considered as money, they nevertheless are intangible property, and have their situs in Cleveland, the residence of the plaintiff company. Every corporation in Ohio for the purpose of taxation is as much a person as an individual person, and its residence is fixed by statute as the place where its principal office is located in the state.

Under the provisions of Section 5328, General Code, "All real or personal property in this state, belonging to individuals or corporations, and all moneys, credits, investments in bonds, stocks, or otherwise, of persons residing in this state, shall be subject to taxation, except only such property as may be expressly exempted therefrom. Such property, moneys, credits, and investments shall be entered on the list of taxable property as prescribed in this title."

It is not claimed in this case that the moneys on deposit in Milwaukee are exempt by virtue of any law in Ohio which exempts them. The claim made by counsel for plaintiff is that under Section 5404, General Code, a corporation is required to list for taxation moneys and credits of the corporation within the state at the true value in money. This

Section 5404 is found in Chapter 4 of Title I, Part Second, relating to taxation, and it prescribes the method whereby the officers of a corporation shall make their returns for taxation to the proper officer of the county. In substance it provides:

"The president, secretary, and principal accounting officer of every incorporated company, except banking or other corporations whose taxation is specifically provided for, for whatever purpose they may have been created, whether incorporated by a law of this state or not, shall list for taxation, verified by the oath of the person so listing, all the personal property thereof, and all real estate necessary to the daily operations of the company, moneys and credits of such company or corporation within the state, at the true value in money."

The construction to be placed on this section we think is that all real estate and all personal property, all moneys and all credits belonging to a corporation within the state of Ohio, shall be listed for taxation at their true money value. Of course tangible property located outside of the state of Ohio cannot be taxed in the state of Ohio; but intangible properties, such as credits and moneys on deposit in a bank located outside of the state and owned by individuals or corporations in this state, we hold have their situs in the state at the place of residence of the owner, and are to be there taxed.

It would be inequitable and unjust to hold in a case like this that a corporation which has money on deposit outside of the state will not be liable to list this money for taxation, whereas an individual similarly situated — in the state and having money on deposit outside the state — would be required

to list this money for taxation. It is immaterial what this money may be called, whether it be designated money or a credit, it belongs to the plaintiff corporation and is subject to the order of the plaintiff corporation, and is intangible in its nature by reason of the fact that the moneys deposited in a bank are not kept separate and apart, in trust for the depositor, but these deposits constitute between the bank and its depositor the relation of debtor and creditor and make these deposits a credit, even though the legislature itself for the purpose of taxation classifies moneys in bank subject to be withdrawn as "money."

It is urged that Section 5406-3, General Code (106 O. L., 249), throws some light upon the question under consideration. That section provides:

"In determining the location of property for the purpose of the two preceding sections [that is, for the purpose of listing the same for taxation] all moneys and credits used in or appertaining especially to a separate business transacted by an incorporated company at a particular place, shall be deemed to be located at such place where the business is transacted, and moneys and credits not used in or appertaining especially to such separate business transacted at any particular place shall be deemed to be located at the principal place of business of such company."

This statute was enacted for the benefit of the state of Ohio, and the various counties, in order that the various towns, municipalities and other subdivisions of the state might have the benefit of receiving the taxes from property located in the subdivisions of the state. And this rule was made

to apply to moneys and credits as well as to tangible property. But this section would have no application to property located outside of the state of Ohio, and was never intended to affect moneys and credits, held outside of the state of Ohio, but belonging to individuals or corporations in the state of Ohio, as will be apparent by a reference to the two preceding sections, 5406-1 and 5406-2, General Code.

For the reasons stated the demurrer will be sustained, and a decree may be entered in favor of the defendant.

The error proceedings will be dismissed.

*Judgment for defendant.*

*Petition in error dismissed.*

JONES, P. J., and HAMILTON, J., concur.

Judges of the First Appellate District, sitting in place of Judges GRANT, CARPENTER and LIEGHLEY of the Eighth Appellate District.